IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DIONICIO JACINTO CHAVEZ RAYMUNDO, | |
| Petitioner, | **8:26CV345** |
| vs. | |
| WARDEN, McCook Detention Center; MARKWAYNE MULLIN, Department of Homeland Security Secretary; and TODD W. BLANCHE, Acting Attorney General; | **MEMORANDUM AND ORDER** |
| Respondents. | |

This matter again comes before the Court on its own motion.

As stated in the Court's prior order, Respondents indicated that Petitioner was previously released on bond, had his bond cancelled, and is now detained. Filing No. 11 at 1. On July 29, 2026, the Court ordered Respondents to file supplemental briefing explaining their authority to cancel Petitioner's bond and "address[ing] the legality of Petitioner's ongoing detention under the framework of 8 U.S.C. § 1226 (the provision under which his bond was issued) rather than 8 U.S.C. § 1225(b)(2)(A)." Filing No. 11 at 1 (Court's order requiring supplemental briefing).

Respondents filed supplemental documents showing that Petitioner's bond was canceled. Filing No. 14-1. However, Respondents failed to address the legal authority for their basis to unliterally cancel the bond (rather than having an impartial fact-finder re-determine Petitioner's bond). With regard to their authority to detain Petitioner under § 1226, Respondents stated they "maintain that Petitioner is now detained under 8 U.S.C. § 1225(b)(2)(A), and that they have sufficient legal authority to detain him for the reasons stated in their foregoing brief." Filing No. 2 at 2. This does not comply with the Court's

1

order which explicitly required Respondents to address detention authority under § 1226, not § 1225(b)(2)(A).

The Court orders Respondents to file a second supplemental brief addressing the issues it failed to address in its first supplemental brief.  So there is no confusion, the Court is ordering Respondents to explain the legal authority for its unliteral cancelation of Petitioner's bond and his on-going detention under 8 U.S.C. § 1226 now that said bond has been canceled.  To be clear: A statement that Petitioner is detained under 8 U.S.C. § 1225(b)(2)(A) will not be deemed sufficient to comply with this Order.  Should Respondents again fail to comply with the Court's order, the Court may have no choice but to grant the Petition.

Accordingly,

IT IS ORDERED:

1.  Respondents shall have until **August 13, 2026**, to file a second supplemental brief addressing the legal basis for their unilateral cancelation of Petitioner's bond and whether he is now lawfully detained under 8 U.S.C. § 1226.

2.  The Clerk of Court is ordered to set a case management deadline for August 13, 2026: check for second supplemental brief.

Dated this 6th day of August, 2026.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge

2