IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

DIONICIO JACINTO CHAVEZ RAYMUNDO,

Petitioner,

vs.

WARDEN, McCook Detention Center; MARKWAYNE MULLIN, Department of Homeland Security Secretary; and TODD W. BLANCHE, Acting Attorney General;

Respondents.

**8:26CV345**

**MEMORANDUM AND ORDER**

This matter comes before the Court on Dionicio Jacinto Chavez Raymundo's Petition for Writ of Habeas Corpus. Filing No. 1. He argues he is being unlawfully detained. For the reasons set forth herein, the Court grants the Petition and orders Respondents to release Petitioner upon his reposting of the previously ordered bond.

## I. BACKGROUND

Petitioner is a native and citizen of Guatemala. Filing No. 9 at 3. He entered the United States without inspection. *Id.* On February 28, 2020, Respondents arrested Petitioner during a "targeted operation" in Cedar Rapids, Iowa, and placed him in removal proceedings. *Id.* He was initially released by DHS on a $10,000 bond. *Id.* Petitioner appealed that bond decision to an immigration judge who redetermined it and reduced it to a $5,000 bond. *Id.* at 3–4. On June 12, 2024, Petitioner was ordered to be removed to Guatemala. *Id.* at 4. He appealed the removal decision, and the case remains pending with the BIA. Filing No. 12 at 2.

On September 14, 2025, Petitioner was arrested by Iowa state authorities for driving under the influence, his second such arrest. Filing No. 9 at 4. ICE issued a

detainer and took him to custody after he served a seven-day sentence. Filing No. 9 at 4–5. In their initial response, Respondents contended Petitioner was detained under § 1225(b)(2)(A) and that his bond cancellation was immaterial. The court ordered Respondents to file a supplemental brief addressing their authority to cancel the bond and to detain Petitioner under 8 U.S.C. § 1226, the provision under which his bond was originally issued. Eventually, Respondents produced documents showing the bond was cancelled and arguing DHS had unilateral authority to cancel the bond under 8 U.S.C. § 1226(b). However, Respondents continue to argue "Petitioner is now detained under 8 U.S.C. § 1225(b)(2)(A), and . . .they have sufficient legal authority to detain him for the reasons stated in their foregoing brief" aka as an arriving alien seeking admission. Filing No. 12 at 2.

## II. STANDARD OF REVIEW

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2). This includes immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). The petitioner seeking habeas relief must demonstrate he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3); *Walker v. Johnston*, 312 U.S. 275, 286 (1941).

## III. ANALYSIS

Respondents first and preferred argument is that Petitioner's detention is mandatory under 8 U.S.C. § 1225(b)(2)(a), based on *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026). In *Avila*, the Eighth Circuit Court of Appeals approved of DHS's novel interpretation of the INA to conclude that immigrants already present in the country can

be treated as arriving aliens seeking admission and mandatorily detained under § 1225(b)(2)(A). Previously, § 1225(b)(2)(A) applied only to non-citizens seeking initial entry into the country, while 8 U.S.C § 1226(a), which allows for an individual's release on bond, applied to those apprehended in the country. Prior to the Eighth Circuit's decision, the undersigned had found DHS's interpretation of the INA to be incorrect. *See Chavez Avila v. Bondi*, No. 8:25CV729, 2026 WL 63328, at *2 (D. Neb. Jan. 8, 2026). Numerous district courts across the country as well as the Second Circuit Court of Appeals, Eleventh Circuit Court of Appeals, and Sixth Circuit Court of Appeals have agreed. *See Barbosa da Cunha v. Freden*, No. 25-3141-PR, 2026 WL 1146044, at *2 (2d Cir. Apr. 28, 2026); *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, No. 25-14065, 2026 WL 1243395, at *1 (11th Cir. May 6, 2026); *Lopez-Campos v. Raycraft*, No. 25-1965, 2026 WL 1283891, at *1 (6th Cir. May 11, 2026). However, the Fifth Circuit Court of Appeals in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 502 (5th Cir. 2026), and the Eighth Circuit in *Avila v. Bondi* have disagreed. The Court is bound by the Eighth Circuit's precedential ruling in *Avila*.

But the statutory-interpretation argument does not end the Court's inquiry. The undersigned recently determined that a non-citizen's detention without the opportunity for a bond violated his due process rights under the three-part test set forth in *Mathews v. Eldridge*, 424 U.S. 319, (1976). *Espinoza-Avalos v. Blanche*, No. 8:26CV191, 2026 WL 1396593, at *3 (D. Neb. May 19, 2026). For the same reasons set forth in greater detail in that opinion, the undersigned concludes Respondents have violated Petitioner's due process rights in this case to the extent they claim his detention is justified by 8 U.S.C. § 1225(b)(2)(A).

Respondents' second argument is that DHS had the authority to unilaterally cancel Petitioner's bond pursuant to 8 U.S.C. § 1226(b). Section 1226(a) states that when an alien is arrested on a warrant, the Attorney General may continue to detain the alien or may release him or her on conditional parole or a bond of at least $1,500. 8 U.S.C. § 1226(a). Subsection (b), in turn, provides, "The Attorney General at any time may revoke a bond or parole authorized under subsection (a), rearrest the alien under the original warrant, and detain the alien." 8 U.S.C. § 1226(b).

Here, DHS initially granted Petitioner a $10,000 bond under § 1226(a). Respondents' argument is that DHS retained the authority to cancel this bond at any time under the language of § 1226(b). See 8 U.S.C. § 1226(b) ("The Attorney General at any time may revoke a bond or parole authorized under subsection (a) . . . ."). But this ignores the subsequent procedural history in this case. Namely, after issuance of the $10,000 bond, Petitioner appealed to an immigration judge who redetermined the bond and set it at $5,000. The regulation allowing this review procedure states:

> **(d) Appeals from custody decisions —**
>
> **(1) Application to immigration judge.** After an initial custody determination by the district director, including the setting of a bond, the respondent may, at any time before an order under 8 CFR part 240 becomes final, request amelioration of the conditions under which he or she may be released. Prior to such final order, and except as otherwise provided in this chapter, the immigration judge is authorized to exercise the authority in section 236 of the Act (or section 242(a)(1) of the Act as designated prior to April 1, 1997 in the case of an alien in deportation proceedings) to detain the alien in custody, release the alien, and determine the amount of bond, if any, under which the respondent may be released, as provided in § 1003.19 of this chapter. If the alien has been released from custody, an application for amelioration of the terms of release must be filed within 7 days of release.

8 C.F.R § 236.1(d).

Therefore, DHS was not canceling the bond it has previously issued under § 1226(a) because that bond (for $10,000) was no longer operative; an immigration judge had exercised his or her authority to apply § 1226 and redetermine the bond (for $5,000). Therefore, § 1226(b) was inapplicable to the $5,000 bond and DHS was without authority to unliterally cancel it.

Under Respondents' reading, the immigration judge's bond redetermination decision would be meaningless in all cases where the IJ reduced a bond because DHS, the losing party, could unilaterally override the immigration judge's bond decision simply by stating it was canceling the bond it had previously issued. Such an outcome would defy logic and common sense in addition to contravening the statutory and regulatory language.

Accordingly, the $5,000 bond order remains operative and Petitioner must be released on the same terms as the immigration judge previously set, provided he again posts the bond if it has been returned to the obligor. This is so, even despite Respondents' representation that Petitioner has been twice convicted of operating under the influence and that since the filing of his petition, an immigration judge has denied Petitioner's application for asylum and ordered him removed. The order of removal is not yet final. *See* 8 U.S.C. § 1231 (the "removal period" requiring mandatory detention begins on the date the order of removal becomes administratively final, i.e., once the appeal time has run). Until it becomes final, Petitioner remains subject to the bond provisions of § 1226. Should Petitioner's removal become administratively final, he will thereafter be subject to mandatory detention. 8 U.S.C. § 1231(a)(2) ("During the removal period, the Attorney General shall detain the alien."). In the meantime, should Respondents seek to alter the

previously issued $5,000 bond, they must present evidence of changed circumstances (such as his OWI convictions) to the immigration judge for a redetermination of the danger and flight risk Petitioner presents.

Accordingly,

IT IS ORDERED:

1. Petitioner's Petition for Writ of Habeas Corpus, Filing No. 1, is granted.
2. Respondents shall release Petitioner from custody no later than 48 hours from the re-posting of the $5,000 bond if such bond has been returned and on the same terms as previously ordered and without additional conditions. If Respondents are still in possession of the $5,000 bond, they must release Petitioner within 48 hours of this Order.
3. Respondents must release Petitioner with all personal effects including identification documents and immigration documents, and without conditions such as location tracking devices.
4. Should Respondents seek to re-detain or continue to detain Petitioner, they must first present evidence to an immigration judge explaining the changed circumstances that make him a flight risk and/or danger and obtain an order from said immigration judge allowing them to re-detain Petitioner.
5. Respondents shall provide the Court with a status update concerning Petitioner's release by no later than **5:00 P.M. on August 28, 2026.**

Dated this 18th day of August, 2026.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge